141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Melvin Lee DAVIS, a/k/a Pops Davis, Defendant-Appellant.
 No. 97-30177.
D.C. No. CR-96-00284.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon Edward Rafeedie, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin Lee Davis appeals his 60-month sentence imposed following his nolo contendre plea to conspiracy to threaten to assault and murder United States judicial officials in violation of 18 U.S.C. §§ 371, 115(a)(1)(B), and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id.
 
 
 4
 Davis contends that the district court erred by imposing a six-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(1) because he claims that he did not intend to carry out any threats. This contention lacks merit because the district court did not clearly err by finding that Davis engaged in conduct "evidencing an intent to carry out" his threat. See U.S.S.G. § 2A6.1(b)(1) (1995); United States v. Hines, 26 F.3d 1469, 1473-74 (9th Cir.1994).
 
 
 5
 Davis also contends that the district court erred by imposing an official victim enhancement of three levels pursuant to U.S.S.G. § 3A1.2. We disagree. The official victim enhancement applies where "the victim was a government officer or employee ... and the offense of conviction was motivated by such status." U.S.S.G. § 3A1 .2(a) (1995). The district court did not clearly err by finding that Davis' offense of conviction was motivated by the official status of the federal judges targeted and identified by Davis. See United States v. McAninch, 994 F.2d 1380, 1386 (9th Cir.1993) (stating that defendant was motivated by victim's status where official status was not incidental to the conduct at issue).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3